UNITED STATES, Appellant

v

VIRGIL K. STEVENSON, Specialist Four, U S Army, Appellee

No. 26,931

August 24, 1973

*Captain Horace M. MacMillan, II* argued the cause for Appellant, United States. With him on the brief were *Lieutenant Colonel Ronald M. Holdaway, Major Thomas P. Burns, III,* and *Captain Richard L. Menson.*

*Captain J. Houston Gordon* argued the cause for Appellee, Accused. With him on the brief were *Colonel Arnold I. Melnick, Captain Denis E. Hynes,* and *Captain James K. Stewart.*

## OPINION OF THE COURT

DUNCAN, Judge:

Finding the pretrial management of the instant case unsatisfactory, the Court of Military Review set aside the findings of guilty and the sentence and dismissed the charges. That court applying the standards announced in United States v Burton, 21 USCMA 112, 44 CMR 166 (1971), decided that the Government failed to carry its heavy evidentiary burden of showing diligence in acting to afford the appellant a speedy trial.

The Judge Advocate General's certification calls upon us to review the correctness of that decision. We find the decision correct.

Since the offenses for which appellant has been convicted occurred after this Court's decision in *Burton,* its standards are applicable. In the recently decided case United States v Marshall, 22 USCMA 431, 47 CMR 409 (1973), Chief Judge Darden well states the meaning of the *Burton* standards. After a brief summary of the facts of the case now under

review, an explanation will be set forth as to why we believe the Government has failed to meet the standards announced in *Burton* and further explained in *Marshall.*

On his guilty plea, Stevenson was convicted at his trial, July 20–24, 1972, of two specifications of conspiracy to commit arson and one specification of arson. His sentence, as finally approved, is a bad-conduct discharge, total forfeitures, confinement at hard labor for 1 year, and reduction to the lowest enlisted grade.

The offenses allegedly occurred February 28–29, 1972. Charges, which were later modified, were preferred on March 2, 1972; the next day the appellant was put in pretrial confinement where he remained until June 19, 1972, 107 days later. After release from pretrial confinement, he was placed on restriction to quarters until his trial ended.

Lieutenant Ott, the division investigating officer, received the charge sheets concerning appellant on March 27, 1972, but was instructed not to begin his formal investigation until he received charge sheets and allied papers on six other persons allegedly involved in the incidents with Stevenson.

Captain Gray, military defense counsel, on March 30, 1972, requested that appellant be released from pretrial confinement and that the Government prosecute the case "as speedily as possible."

The investigating officer took testimony at a hearing beginning April 17 and ending April 19, 1972. The summary of the testimony consisted of 16 typewritten pages. The investigating officer's report, DD Form 457, was dated May 30, 1972, but individual compilation of each of the seven files was not completed until June 11, 1972, 80 days after the appointment of the investigating officer.

The trial judge denied the defense assertion that the appellant was denied a speedy trial.

Pursuant to Article 33, Uniform Code of Military Justice, 10 USC § 833, when a person is held for trial by general court-martial the commanding officer must forward the charges, the report of the Article 32 investigation, and allied papers to the officer exercising general court-martial jurisdiction within 8 days after the accused is ordered into confinement. If this is not practicable, the commanding officer must report in writing to the convening authority the reasons for the delay. We find no such explanation in the materials before us. Although the charges had been drafted and redrafted prior to the appointment of the investigating officer, and the failure to meet the 8-day requirement is unexplained, in the language of the majority of the Court of Military Review, "the most conspicuous cause was a drawn out investigation conducted in satisfaction of Article 32, Uniform Code of Military Justice, 10 USC § 832." It is this 80-day delay that has been the subject of the major arguments, both oral and in briefs.

In United States v Marshall, supra at 434, 47 CMR at 412, commenting on United States v Burton, supra, we stated:

> Under *Burton,* the Government may still show diligence, despite pretrial confinement of more than 3 months, in such cases as those involving problems found in a war zone or in a foreign country . . . or those involving serious or complex offenses in which due care requires more than a normal time in marshaling the evidence, or those in which for reasons beyond the control of the prosecution the processing was necessarily delayed.

■ The alleged offenses occurred in West Germany, a foreign country, not a war zone. There is nothing indicative of a special problem encountered as a result of the foreign locale. The offenses for which appellee was convicted are both serious and complicated. Even with the complexity the bulk of the relevant information and paperwork concerning all seven suspects was in the hands of the investigating officer on April 5, 1972. Our careful review of the 16-page summary of the testimony taken before the investigation does not provide an inference base for a reasonable conclusion that the complexity of the case was a major factor in producing the 80-day delay.

Lieutenant Ott stated that after the hearing the preparation of his report was delayed because of the need to study the testimony and from it to prepare his report. Certainly a reasonable time can be properly attributable to that activity. However, in explanation of the delay he also related the fact that he conducted all Article 32 proceedings for the division, that he had 11 other cases to investigate during the same period of time, and that he was on administrative leave, May 3–7 and June 3–10, 1972, handling matters not related to this case. The investigating officer also assigned as a reason for delay the practical problem he encountered in obtaining the transcript of the hearing testimony and procuring sufficient copies (35) of necessary papers. We understand and appreciate that much of the delay in the investigation's finalization is chargable to shortage of experienced clerical personnel and Lieutenant Ott's busy schedule. However, viewing the investigation in totality, we conclude as did the Court of Military Review that these kinds of explanation do not sufficiently justify the retention of this case in the hands of the investigating officer from March 23 until sometime in early June, while appellee was in pretrial confinement.

In United States v Marshall, supra at 435, 47 CMR at 413, the opinion reads:

At the risk of redundancy we iterate that when a *Burton* violation has been raised by the defense the Government must demonstrate that really extraordinary circumstances beyond such normal problems as mistakes in drafting, manpower shortages, illnesses, and leave contributed to the delay. Operational demands, a combat environment, or a convoluted offense are examples that might justify a departure from the norm. Absent these or similar circumstances, the delay beyond 90 days cannot be justified by a showing that it was caused by difficulties usually encountered in the processing of charges for trial.

■ The Government's failure to rebut the presumed violation of Article 10, UCMJ, 10 USC § 810, by showing diligence in proceeding to try the appellee who had been in pretrial confinement for more than 90 days requires dismissal rather than a reassessment of sentence. See United States v Marshall, supra.

The decision of the Court of Military Review is affirmed.

Chief Judge DARDEN and Judge QUINN concur.